UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BROADCAST MUSIC, INC. ET AL, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:12-CV-1617 |
| | § | |
| MIDTOWN BEVERAGE, LLC D/B/A | § | |
| CLARION INN HOUSTON EAST AND | § | |
| STEVE WENCHUNG HSU, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiffs' Motion for Summary Judgment ("Motion"). (Doc. No. 17.) After considering the Motion, all responses and replies thereto, and the applicable law, the Court concludes that the Motion must be **GRANTED.**

### I. BACKGROUND

This is a copyright infringement lawsuit. Plaintiff Broadcast Music, Inc. ("BMI") is a corporation that has been granted the right to license the public performance rights in approximately 7.5 million copyrighted musical compositions ("BMI Repertoire"). (Doc. No. 1, Complaint, ¶ 4.) The other Plaintiffs are the owners of the copyrights in the musical compositions that are subject to this lawsuit. (*Id.* at ¶ 5.) BMI grants to music users, such as broadcasters and the owners and operators of concert halls, restaurants, nightclubs and hotels, the right to publicly perform any of the works in BMI's Repertoire by means of "blanket license agreements." (Doc. No. 18 p. 1.)

Defendant Midtown Beverage, LLC is a limited liability company that operates, maintains and controls the Clarion Inn Houston East. (Compl. ¶ 31.) Defendant Steve Wenchung Hsu manages and supervises the activities of Midtown Beverage, LLC. Defendants Midtown Beverage and Hsu (collectively "Defendants") operate Brewsky's, a restaurant/bar within the Clarion Inn Houston East. (Doc. No. 18 p. 2.)

The following facts are undisputed. Plaintiffs allege fifteen claims of willful copyright infringement based upon Defendants' unauthorized public performances of musical compositions from the BMI Repertoire. (Compl. ¶ 36.) BMI further alleges that between July 2010 and October 2011, it repeatedly informed Defendants of the need to obtain permission for public performances of copyrighted music. (Doc. No. 18 p. 2.) BMI sent thirty-one letters to Defendants advising them of the need to enter into a license agreement. (Doc. No. 18 p. 11.) Despite BMI's repeated offers of a license agreement to Defendants, they ignored all communications. (*Id.* at p. 2) On July 11, 2011, BMI instructed Defendants to cease public performances of music licensed by BMI. Nevertheless, public performances of BMI licensed music continued at Clarion Inn Houston East, as chronicled by a BMI investigator on September 17, 2011. (*Id.*) The investigator generated an audio recording and written report of the songs played at Brewsky's on September 17, 2011, which includes all fifteen of the songs that are the subject of this infringement action. (*Id.* at p. 3.) Plaintiffs then brought this action for copyright infringement in May 2012.

## II.     LEGAL STANDARD

To grant summary judgment, the Court must find that the pleadings and evidence show that no genuine issue of material fact exists, and therefore the movant is entitled to

2

judgment as a matter of law. Fed. R. Civ. P. 56. The party moving for summary judgment must demonstrate the absence of any genuine issue of material fact; however, the party need not negate the elements of the nonmovant's case. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1997). If the moving party meets this burden, the nonmoving party must then go beyond the pleadings to find specific facts showing there is a genuine issue for trial. *Id.* "A fact is material if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009) (quotations and footnote omitted).

Factual controversies should be resolved in favor of the nonmoving party. *Liquid Air Corp.*, 37 F.3d at 1075. However, "summary judgment is appropriate in *any* case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Id.* at 1076 (internal quotations omitted). Importantly, "[t]he nonmovant cannot satisfy his summary judgment burden with conclusional allegations, unsubstantiated assertions, or only a scintilla of evidence." *Diaz v. Superior Energy Services, LLC*, 341 Fed.Appx. 26, 28 (5th Cir. 2009) (citation omitted). The Court should not, in the absence of proof, assume that the nonmoving party could or would provide the necessary facts. *Liquid Air Corp.*, 37 F.3d at 1075. As the Supreme Court has noted, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III. ANALYSIS

#### A. Copyright Claim

The Copyright Act provides the owner of a copyright with the exclusive right to perform, or to authorize others to perform, the copyrighted work. 17 U.S.C. § 106(4). Any person who violates this exclusive right is an infringer. 17 U.S.C. § 501(a). In order to prevail in an action for copyright infringement, Plaintiffs must establish the following elements: (1) originality and authorship of the copyrighted worked involved; (2) compliance with the formalities of the Copyright Act; (3) proprietary rights in the copyrighted works involved; (4) public performance of the compositions involved; and (5) lack of authorization for public performance. *Fermata Int'l Melodies, Inc. v. Champions Golf Club, Inc*., 712 F.Supp. 1257, 1259 (S.D. Tex. 1989), *aff'd*, 915 F.2d 1567 (5th Cir. 1990).

Plaintiffs, through the declaration by BMI's attorney, Renee Wolfe ("Wolfe Declaration) and registration documentation, meet their burden for the first three elements of the claim. Defendants do not dispute these facts. Additionally, the fourth element of public performance is established by (1) the Certified Infringement Report of Robert Allman; and (2) the Certification of BMI's Performance Identification employee, Rachel Dooley. Defendants state they cannot admit or deny that the songs were performed. The fifth element, lack of authorization, is also undisputed by Defendants. Therefore, Plaintiffs have established a claim for copyright infringement. Furthermore, in their response to the Motion, Defendants admit to joint and several liability for copyright infringement. The question then remains whether Defendants are innocent infringers and what the appropriate remedy should be.

### B. Innocent Infringer

Defendants first filed their answer in July 2012. Nearly a year later, Defendants amended their answer to add the defense of innocent infringer. In support of their innocent infringer defense within their response to the Motion, Defendants offer only an affidavit by Dana Mosley, who testifies that she "believed that the karaoke provider was licensed." (Doc. No. 26, Ex. 1.) However, Federal Rules of Civil Procedure 56(c)(4) provides that when affidavits are used to oppose a motion for summary judgment, they "shall be made upon personal knowledge, set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Therefore, subject matter properly included in an affidavit opposing a motion for summary judgment is limited to facts based on personal knowledge. Statements made on "belief" or "on information and belief" are inappropriate. *See, e.g.*, *Automatic Radio Mfg. Co. v. Hazeltine Research, Inc.*, 339 U.S. 827, 831 (1950) (rejecting averments in affidavit where made upon "information and belief" as opposed to personal knowledge). Ms. Mosley's affidavit testified that she "believed that the karaoke provider was licensed." (Doc. No. 26, Ex. 1.) This belief is not personal knowledge and does not raise a genuine issue of material fact.

Furthermore, the Court does not find Defendants to be innocent infringers because Defendants were given ample notice of their infringing acts. BMI sent thirty-one letters to Defendants and repeatedly advised them of the need to enter into a license agreement. (Doc. No. 18, APP. 341-384.) A BMI representative telephoned Defendants on forty-one occasions and on a number of those occasions spoke to persons associated with the establishment's operation. (Doc. No. 18 p. 12.) On July 11, 2011, BMI sent Defendants

an overnight letter informing them that they must immediately cease unauthorized performances of BMI-licensed music. This demand to cease infringement was followed up with multiple letters. (*Id.*) Defendants were not innocent infringers, but were advised both timely and repeatedly that their conduct constituted infringement. Nevertheless, they failed to cease their infringing acts or come into compliance with the copyrights, despite multiple offers to do so.

### C.  Injunctive Relief

The Court finds this is a case for injunctive relief. Section 502(a) provides that the Court may grant final injunctions "to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). To obtain a permanent injunction, Plaintiffs must (1) succeed on the merits; (2) have no adequate remedy at law; (3) show that the threatened injury outweighs any damage to the Defendants; and (4) demonstrate that the injunction will not disserve the public interest. *DSC Comms. Corp. v. DGI Tech., Inc.*, 81 F.3d 597, 600 (5th Cir. 1996)

Defendants did not cease their infringing activity even after thirty-one letters and forty-one phone calls. It appears that Defendants' establishment continues to permit unauthorized performances today. (Doc. No. 18, Stevens Decl., ¶¶ 10-12, 16.) Despite BMI's multiple offers for a blanket license, similar to the agreement entered into by tens of thousands of similar establishments across the United States, Defendants refused to comply with copyrights.

Plaintiffs have established the first prong for permanent injunction because they have succeeded on the merits of a copyright infringement claim. Second, Plaintiffs have no adequate remedy at law because Defendants have demonstrated a blatant disregard of

6

Plaintiffs' repeated entreaties to cease infringement. The Sixth Circuit held "that a showing of past infringement and a substantial likelihood of future infringement justifies issuance of a permanent injunction." *Bridgeport Music v. Justin Combs Publishing*, 507 F.3d 470 (6th Cir. 2007). Third, any damage that Defendants may suffer from not being able to perform the music could have been avoided had they entered into a license with BMI. Fourth, the injunction will not disserve the public interest, but rather, preserve copyright law. Defendants are unlicensed and continue to offer unauthorized performances of Plaintiffs' music. Therefore, permanent injunctive relief is appropriate and necessary.

### D. Statutory Damages

The Copyright Act empowers Plaintiffs to elect to receive an award of statutory damages "in a sum of not less than $750 or more than $30,000" per infringement in lieu of an award representing the Plaintiffs' actual damages and the Defendants' profits. 17 U.S.C. §504(c)(2). Within these statutory limits, the assessment of damages is at the discretion of the Court. *See F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 231-32 (1952). Plaintiffs request an award of $3,000 for each of the fifteen copyrighted songs infringed, for a total award of $45,000. Courts considering awards of statutory damages have recognized that awards up to $10,000 per infringement are appropriate in cases where the infringement resulted from deliberate indifference toward copyright laws. *See Broadcast Music, Inc. v. question Mark*, 220 U.S.P.Q. 531, 532-33 (N.D. Tex. 1983) ("an award of $10,000 for each of nine infringements is reasonable, particularly in light of Question Mark's refusal of BMI's offer to grant a license for the public performance of the compositions in issue."); *Controversy Music v. Down Under*

*Pub Tyler, Inc.*, 488 F. Supp. 2d 572, 579 (E.D. Tex. 2007) ("given the Defendants' willful infringement, an award of $5,000 per infringement is just and sufficient to deter future copyright violations while promoting respect for the law."). Defendants have willfully disregarded Plaintiffs' repeated attempts to enter into a license agreement. Therefore, Plaintiffs' request of $3,000 for each of the fifteen infringements is reasonable.

### E. Attorneys' Fees

The Copyright Act provides that the "court may also award a reasonable attorney's fee to the prevailing party." 17 U.S.C. § 505. Courts have routinely awarded the reasonable fees incurred by a plaintiff asserting its rights. "The Fifth Circuit has acknowledged that an award of attorneys' fees in copyright cases is within the discretion of the trial court, but has held that the award of attorneys' fees in copyright cases is the rule rather than the exception, and should be awarded routinely." *Compaq Computer Corp. v. Ergonome Inc.*, 387 F.3d 403, 411 (5th Cir. 2004) (*citing Hogan Sys., Inc. v. Cybresource Int'l, Inc.*, 158 F.3d 319, 325 (5th Cir. 1998)). Defendants have not presented any argument why there should not be an award of attorneys' fees. Furthermore, the Court finds that Defendants' deliberate misconduct warrants an award of attorneys' fees. Plaintiffs set forth attorneys' fees and costs in the Declaration of William R. Hales ("Hales Declaration") and other records. (Doc. No. 18, Ex. A, APP. 400-405.) Defendants do not dispute Plaintiffs' attorneys' fees and costs of $11,243.36. Therefore, the Court awards Plaintiffs $11,243.36.

## IV. CONCLUSION

For the reasons explained above, Plaintiffs' Motion for Summary Judgment is **GRANTED.** The Court enters a permanent injunction against Defendants. Plaintiffs are awarded $45,000 in statutory damages and $11,243.36 for reasonable attorneys' costs and fees.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 11th day of July, 2013.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE